IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Anthony Pauling, #268518, | C/A No.: 0:11-842-JFA-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Michael Roseboro and Herman Young, in their official and individual capacities, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Before the court is Plaintiff's Motion to Amend the Complaint [Entry #42]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

Plaintiff seeks to amend his complaint to add the Fairfield County Sheriff's Department ("FCSD"). "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Construing Plaintiff's motions to amend his complaint liberally, the court finds that granting Plaintiff's motion would be futile. The FCSD is protected from the instant suit by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Brown v. Middleton*, No. 08-1937, 2010 WL 145134 at **4 n.8 (4th Cir. Jan. 15, 2010) (*citing Gulledge v. Smart*, 691 F.Supp. 947 (D.S.C.1988) (holding that, in South Carolina, sheriffs and deputies are state officials)); *see also Carroll v. Greenville Cnty. Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state).

As an agency of the state, the FCSD is immune from suit under the Eleventh Amendment. *Stewart v. Beaufort County*, 481 F.Supp.2d. 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). Plaintiff's motion [Entry #42] to amend his complaint to add FCSD is futile and is therefore denied. The dispositive motions deadline is extended to March 5, 2012.

IT IS SO ORDERED.

February 2, 2012					Shiva V. Hodges
Columbia, South Carolina			United States Magistrate Judge