IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Pauling, ) | C/A No.: 0:11-842-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Micheal Roseboro and Herman Young, ) | |
| in their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter is before the court on Plaintiff's motion to compel [Entry #56] and motion for appointment of counsel [Entry #64].

I.     Motion to Compel

Plaintiff filed a motion to compel seeking responses to "interrogatories, motion for discovery, and freedom of information act." [Entry #56]. Defendants filed a response indicating that as of the filing of the motion, they had served Plaintiff with responses to his interrogatories and requests for production of documents. [Entry #62]. Additionally, Defendants assert that they did not receive Plaintiff's Freedom of Information Act request, but are searching for the information Plaintiff requests that is available to them and will produce it upon receipt. *Id*. Therefore, it appears Plaintiff's motion is now moot.

II.     Motion for Appointment of Counsel

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he is a *pro se* prisoner with limited access to legal resources.

These are typical of complaints by prisoners seeking to pursue civil cases *pro se* in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request [Entry #64] for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

March 30, 2012                                       Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

2