IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Anthony Pauling, #268518, | ) | C/A No.: 0:11-842-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Michael Roseboro and Herman Young, in their official and individual capacities, | ) | |
| Defendants. | ) | |

Plaintiff Anthony Pauling, proceeding *pro se*, is an inmate incarcerated at Turbeville Correctional facility and filed this action pursuant to 42 U.S.C. § 1983 against Fairfield County Sheriff's Office Investigator Michael Roseboro and Sheriff Herman Young.[1] This matter comes before the court on the following motions: (1) Plaintiff's motion for summary judgment [Entry #17]; (2) Plaintiff's motion for default judgment [Entry #28]; (3) Defendants' motion for summary judgment [Entry #55]; and (4) Plaintiff's motion to strike [Entry #68].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Because the motions are dispositive, this Report and Recommendation is entered for review by the district judge.

---

[1] Although Plaintiff is incarcerated, the arrest on which he bases this action is not related to the charge for which he is currently incarcerated.

For the reasons that follow, the undersigned recommends the district judge grant Defendants' motion for summary judgment and deny Plaintiff's motions.

I. Factual Background

This matter arises out of Plaintiff's arrest on two warrants for grand larceny in Fairfield County after an investigation by Defendant Roseboro. According to Defendant Roseboro, the Fairfield County Sheriff's Office received calls on August 12, 2009 and August 15, 2009 from Rocky Gaddy's Garage reporting the theft of radiators and aluminum rims valued at approximately $1200. *See* Roseboro Affidavit ¶ 2 [Entry #55-2]. Defendant Roseboro's investigation led to a witness who stated that Plaintiff had shown him the stolen items and that Plaintiff said he had intended to also take a red scooter, but was not able to get to it because it was under a shed. *Id.* ¶ 3. The witness prepared a written statement that reflected what he told the investigators. *Id.* Defendant Roseboro confirmed that Mr. Gaddy owned a red scooter and also confirmed that he stored it underneath a shed. *Id.* ¶ 4.

Based on the witness statement and the investigation, Defendant Roseboro presented to Magistrate Judge William F. Pope affidavits for two arrest warrants for Plaintiff, charging him separately with grand larceny on August 12, 2009 and on August 19, 2009. *Id.* ¶ 5. Judge Pope issued the warrants, and Plaintiff was arrested on August 31, 2009. *Id.* Plaintiff claims that Judge Pope "step[ped] out of his capacity" when he signed the warrant, because it was lacking substantive evidence.

On September 10, 2009, while incarcerated at the Fairfield County Detention Center, Plaintiff pled guilty for a separate offense in Richland County and he received a

thirteen year sentence beginning August 31, 2009---the day he was arrested on the Fairfield County charges. *Id.* ¶ 6. Plaintiff was transported from the Fairfield County Sheriff's Office to the South Carolina Department of Corrections ("SCDC") in January 2010. *Id.* The Fairfield County charges were ultimately dismissed by the Solicitor after Plaintiff received the thirteen-year sentence on the Richland County charge. *Id.*

Plaintiff brought the instant suit alleging that Defendant Roseboro falsified evidence to obtain the arrest warrants. Plaintiff alleges he was offered "time-served" if he agreed to plead guilty to simple or petit larceny, but Plaintiff stated he wanted to go to trial. He also alleges that his Sixth and Fourteenth Amendment rights were violated because he was never given the opportunity to argue his case to a jury. Plaintiff maintains that his Eighth Amendment rights were violated because his arrest and incarceration were illegal. He seeks compensatory and punitive damages.

II. Discussion

    A. Plaintiff's Motion for Default Judgment

In his motion filed November 22, 2011, Plaintiff seeks an entry of default based on Defendant Roseboro's failure to timely file an answer pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i) (unless otherwise specified by a rule or statute, a defendant must serve an answer within 21 days after being served with the summons and complaint). [Entry #28]. A review of the docket indicates Defendant Roseboro's answer [Entry #29] filed November 28, 2011 was timely. It appears that service of the Summons and Complaint was first attempted on September 21, 2011 by certified mail addressed to Defendant Roseboro at the Fairfield County Sheriff's Office. [Entry #34-1]. However, because

Defendant Roseboro was no longer employed by the Fairfield County Sheriff's Department at that time, the Summons and Complaint were returned as unclaimed on or about October 17, 2011. *Id.* Defendant Roseboro was personally served by the U.S. Marshal Service on November 8, 2011. *Id.* Therefore, Defendant Roseboro's answer on November 28, 2011 was filed within the 21-day deadline in Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, it is recommended that Plaintiff's motion for an entry of default [Entry #28] be denied.

      B.      Plaintiff's Motion to Strike

In his motion to strike filed pursuant to Fed. R. Civ. P. 12(f), Plaintiff requests the court strike "certain evidence from the record." [Entry #68 at 2]. Specifically, Plaintiff seeks to strike the witness statement that Defendant Roseboro relied on in part in swearing out the affidavit for the Plaintiff's arrest warrant. Plaintiff argues that the witness statement is inadmissible because Defendants have not "established the proper authentication of the document." [*Id.* at 2].

Rule 12(f) states permits the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court notes that a motion to strike is a "drastic remedy that is disfavored by the courts and infrequently granted." *Int'l Longshoremen's Assoc. v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D.Va. 1995). Motions to strike under Rule 12(f) are the appropriate remedy for the elimination of "redundant, immaterial, impertinent, or scandalous matter" in any pleading, and are the primary procedure for objecting to an insufficient defense. Fed. R. Civ. P. 12(f); *see* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice

and Procedure § 1380 at 644 (2d ed. 1990); *see also Godfredson v. JBC Legal Group, P.C.*, 387 F.Supp.2d 543, 547 (E.D.N.C. 2005).

Here, Plaintiff seeks to strike discovery (i.e., a witness statement) provided to him at his request. The purpose of Rule 12(f) is to strike matters from a *pleading*, not to strike evidence from discovery. Therefore, it is recommended that Plaintiff's motion to strike be denied. To the extent that Plaintiff seeks to prevent Defendants from admitting evidence into the record for purposes of trial, it is premature for the court to make such a determination at this time.

    C.    Motions for Summary Judgment

        1.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment seeks recovery against former defendant Pope, who Plaintiff alleges signed his arrest warrant without substantive evidence. [Entry #17]. The motion is the identical document as his objections [Entry #15] to the Magistrate Judge's Report and Recommendation ("Report") [Entry #12] which recommended that the district court summarily dismiss Defendant Pope without prejudice and without issuance and service of process. In his order dated November 11, 2011 adopting the Report, the district judge overruled Plaintiff's objections, finding them cumulative of those claims made in his original complaint. [Entry #24]. The court's

order dismissed defendant Pope without prejudice and without issuance and service of process.

Because the court has dismissed Defendant Pope from this action, it is recommended that Plaintiff's motion for summary judgment against Defendant Pope be denied as moot.

### 3. Defendants' Motion for Summary Judgment

Defendants filed their motion for summary judgment on March 5, 2012. [Entry #55]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #57]. Plaintiff filed a response in opposition to the motion [Entry #63], and Defendants filed a reply [Entry #69].

Defendants move for summary judgment on the following grounds: (a) Plaintiff does not make any allegations against Sheriff Young; (b) probable cause existed for the arrest warrants; (c) Defendants are entitled to qualified immunity; (d) Plaintiff cannot show that Defendants violated his due process rights; and (e) any remaining issues in the Plaintiff's complaint either lack substantiating evidence or fail to state a claim.

#### (a) Defendant Young

Plaintiff has failed to make any actual allegations against Defendant Young. Even if the complaint could be construed such that Plaintiff intends to sue Defendant Young because as Sheriff he was a supervisor or manager of Defendant Roseboro, Defendant Young would be entitled to summary judgment. The doctrines of vicarious liability and

7

*respondeat superior* are generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendant Young was personally responsible for any of the incidents or acted in any way other than a supervisory role. Further, Plaintiff has not shown that he was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of his employees. Thus, Plaintiff fails to show that Defendant Young is liable on a theory of *respondeat superior* or supervisory liability, and the claims against him should be dismissed.

(b) Probable Cause for Arrest Warrants

Plaintiff alleges that he was illegally arrested in violation of the Eighth and Fourteenth Amendment. The constitutional provision applicable in a claim for illegal arrest is the Fourth, not Eighth, Amendment. Defendants claim that they had probable cause to arrest Plaintiff.

The standard to determine the lawfulness of an arrest is whether probable cause existed. *Park v. Shiflett*, 250 F.3d 843 (4th Cir. 2001). When a court examines the

existence of probable cause, it will "examine the totality of the circumstances known to the officer at the time of the arrest." *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996) (citations omitted). In order to show probable cause, there only needs to be "enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed." *Id.* "Probable cause requires more than bare suspicion but requires less than evidence necessary to convict." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). As a result, in order to prove an absence of probable cause, the Plaintiff "must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" the Plaintiff was involved in the charged offense. *Brown v. Gilmore*, 278 F.3d 362 (4th Cir. 2002). To make the probable cause determination, a court should consider "the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Gantt v. Whitaker*, 57 Fed.Appx. 141 (4th Cir. 2003) (unpublished opinion) (citing *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992)). The Fourth Circuit has held:

> Whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind at the time the challenged action was taken. . . . This is a fact-specific inquiry.... [I]n order to satisfy the "reasonableness" requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government. . . is not that they always be correct, but that they always be reasonable.

*Mazuz v. Maryland*, 442 F.3d 217, 224 (4th Cir. 2006) (internal citations omitted).

Here, Defendants had probable cause to arrest Plaintiff. A witness told Defendant Roseboro that Plaintiff showed him the stolen items that he represented he took from Gaddy's Garage. The witness stated that Plaintiff told him that Plaintiff had intended to

also take a red scooter, but was unable to do so because it was underneath a shed. Defendant Roseboro confirmed with Mr. Gaddy that he kept a red scooter underneath a shed. Based on this information and his investigation, Defendant Roseboro presented Judge Pope with affidavits for two warrants for Plaintiff's arrest. Judge Pope issued both warrants, and in doing so, indicated his agreement that probable cause existed for the Plaintiff's arrest. The law presumes that a probable cause determination made by a neutral and detached magistrate renders a seizure reasonable. *Brooks v. City of Winston Salem*, 85 F.3d 178, 184 (4th Cir. 1996); *Villeda v. Prince George's County*, 219 F.Supp.2d 696, 701 (D.Md. 2002).

Here, Plaintiff has failed to set forth any evidence showing a lack of probable cause for his arrest. Plaintiff generally states that Defendant Roseboro falsified evidence to obtain a warrant for his arrest and that an unknown investigator told him that there should have been a thorough investigation conducted before an arrest warrant was issued because there was a lack of evidence. [Entry #1 at 4–5]. However, Plaintiff does not specify the evidence Defendant Roseboro allegedly falsified in order to obtain the arrest warrant and does not identify the investigator.

In order to state a Fourth Amendment claim based on an inaccurate affidavit for a warrant, Plaintiff must prove Defendant Roseboro "deliberately or with a 'reckless disregard for the truth,' made material false statements in his affidavit or omitted from the affidavit 'material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading.'" *Miller v. Prince George's County, Md*, 475 F.3d 621, 627 (4th Cir. 2007) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *U.S.*

*v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990)). To show the "reckless disregard" element, Plaintiff must set forth evidence that Roseboro "acted with a high degree of awareness of a statement's probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statement or had obvious reasons to doubt the accuracy of the information he reported." *Miller*, at 627 (quoting *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000)).

If Plaintiff can show reckless indifference, he must also show that the false statements or omissions were "material, that is, necessary to the neutral and disinterested magistrate's finding of probable cause." *Miller* at 628. To be material, the court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." *Id.* Critically, "[i]f the 'corrected' warrant affidavit establishes probable cause, no civil liability lies against the officer." *Id.*

Plaintiff must do more than assert conclusory allegations. He has shown no proof that Defendant Roseboro knew his statements were inaccurate or acted with deliberate disregard for the truth. There is no evidence that Defendant Roseboro had doubts, serious or otherwise, as to the truth of his statement, or that he should have. Plaintiff has set forth no evidence tending to show Defendant Roseboro had any reason to believe the affidavit or the witness's statement were inaccurate. Therefore, because Plaintiff has not set forth any proof that Defendant Roseboro acted deliberately or with disregard for the truth when he presented the affidavit to the Magistrate Judge, Plaintiff has not shown that Defendants violated his Fourth Amendment rights.

Next, liberally construing the complaint, Plaintiff states a claim for false imprisonment deriving from his time in jail prior to his guilty plea and sentencing in Richland County and/or prior to his transfer to SCDC custody. However, that claim has no merit, as his thirteen-year sentence began to run on August 31, 2009, the day he was arrested for the Fairfield County charges. Therefore, any claim for false imprisonment should be dismissed.

(c) Qualified Immunity

Defendants assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*,

526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations. Nevertheless, *assuming arguendo* that Plaintiff has presented sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity from suit.

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992), the Fourth Circuit further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298.

In the instant case, Plaintiff has failed to establish any theory of liability upon the part of Defendants, and, furthermore, Plaintiff has failed to establish the existence of any constitutional deprivation. However, if the court were to find that Plaintiff has established some theory of liability upon the part of Defendants, and therefore, the existence of a constitutional deprivation, Defendants are still entitled to qualified immunity. The record before the court shows that as to Plaintiff and the specific events at issue, these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. They did not transgress any statutory or constitutional

rights of Plaintiff that they were aware of in the discretionary exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, these Defendants are entitled to qualified immunity.

Defendant Roseboro relied on the declaration of an eye witness to the stolen goods who told him that he had seen the Plaintiff in possession of the stolen items and that the Plaintiff told him he had gotten the items from Gaddy's Garage and had intended to steal a red scooter that was underneath a shed. Defendant Roseboro corroborated the witness' version by contacting Mr. Gaddy, who confirmed he had a red scooter located under a shed. Even if the arrest warrants were not supported by probable cause, Defendants are entitled to qualified immunity because the lack of probable cause would not have been evident to an objectively reasonable officer in these circumstances. In addition to the witness statement and the investigation, a neutral and detached magistrate independently concluded that there was probable cause to support the arrest warrants. While obtaining an arrest warrant does not provide per se evidence of objective reasonableness, seeking an arrest warrant and a magistrate's determination of probable cause provide additional support for the claim that an officer acted with objective reasonableness. *Torchinsky*, 942 F.2d 257, 262 (4th Cir. 1991). Accordingly, Defendants are entitled to qualified immunity.

(d)  No Showing of Due Process Violation

Plaintiff maintains that his Sixth and Fourteenth Amendment rights were violated because he "was never given the ability to exercise his due process to argue his case in front of a jury" and that "the procedure that the court followed was a mockery of his

14

Constitutional rights just to obtain a conviction." [Entry #1 at 6]. Plaintiff claims that when his case came before the jury on December 17, 2009, Defendant Roseboro showed up to trial stating that he had no witnesses and was ill-prepared to go forward with a jury trial. The solicitor decided to dismiss the charges against Plaintiff, therefore, there was no need to present the case to the jury, as the charges were dismissed. At any rate, by the time of the trial on December 17, 2009, Plaintiff was already serving time for second degree burglary he committed in Richland County. Accordingly, Defendants are entitled to summary judgment with respect to Plaintiff's due process claim.

     (e)  No Showing of Due Process Violation

 Plaintiff also makes other allegations unrelated to his arrest: (1) Plaintiff alleges Defendant Roseboro harassed him by stopping his car, but he provides no details as to the stop [Entry #1 at 4]; (2) Plaintiff alleges Defendant Roseboro drove by his female companion's parents' house to harass her, but he has no standing to bring a harassment claim on her behalf; (3) Plaintiff alleges that while incarcerated, he was subjected to harassment and threats, but does not allege that Defendant Roseboro was a participant in the harassment and threats [Entry #1 at 5]; and (4) Plaintiff claims that, pursuant to his female companion's urging, he voluntarily went to the Fairfield County Sheriff's Office for questioning regarding stolen computers. He states that he was questioned by Defendant Roseboro in a closed room, refused to take a polygraph test, was not placed under arrest and left the questioning without incident [Entry #1 at 4].

 These allegations do not state a claim under § 1983 or any other theory, and therefore, Defendants are entitled to summary judgment.

III. Conclusion

For the foregoing reasons, the undersigned recommends the district judge (1) deny as moot Plaintiff's motion for summary judgment [Entry #17]; (2) deny Plaintiff's motion for default judgment [Entry #28]; (3) grant Defendants' motion for summary judgment [Entry #55]; and (4) deny Plaintiff's motion to strike [Entry #68].

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

May 3, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).